# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CLIFTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEAN PIERRE, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01325 DLB PC<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

　　　　Plaintiff William Clifton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 21, 2013. Pursuant to Court order, Plaintiff filed a First Amended Complaint on April 11, 2014. The Court permitted Plaintiff to file a Second Amended Complaint ("SAC") while the First Amended Complaint was awaiting screening. Plaintiff's May 15, 2014, SAC names Physician's Assistant Jean Pierre, Chief Nurse Executive S. Follette, Chief of Health Care Appeals L. D. Zamora, and LVN Talle as Defendants.[1]

**A.　　LEGAL STANDARD**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 5, 2013.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California State Prison, Los Angeles County. The events at issue occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

Plaintiff alleges upon his arrival at CSATF, his pain medication was abruptly discontinued without an examination by a doctor. He states that Defendant Pierre, a physician's assistant, started and then stopped his pain medication (morphine). According to Plaintiff's exhibits, the morphine was stopped on June 3, 2011. ECF No. 15, at 6.

Plaintiff was left in chronic pain and appealed the issue, but reprisals were taken against him. In an attached Health Care Appeal dated June 27, 2011, Plaintiff states that Defendant Pierre had a problem with Plaintiff taking morphine for ulcerative colitis/Crohn's disease. Plaintiff explained that he had been diagnosed with back pain as well, but Defendant Pierre became abusive and said he would not give Plaintiff anything for pain. ECF No. 15, at 11. At the First Level of Review, Plaintiff's appeal was partially granted and he was seen in the M.D. Line on July 12, 2011, for evaluation of low back pain. The PCP progress notes indicated that there was no indication for morphine and instructed Plaintiff to continue his current medications. ECF No. 15, at 13.

Plaintiff's also contends that his medication for ulcerative colitis/Crohn's disease was decreased to a minimal dose. As a result, he suffered pain and often defecated on himself.

Plaintiff alleges that his medical symptoms were ignored. Defendant Follette ignored Plaintiff's pleas to renew his medication.

In June 2011, Plaintiff was seen by Dr. Ogbuela. Dr. Ogbuela was reordering medication for pain when Defendant Talley interrupted and advised Dr. Ogbuela not to give Plaintiff any medication. Defendant Talley said that Plaintiff "was a victim" and should be treated as one. ECF No. 15, at 4. Plaintiff appealed Defendant Talley's verbal abuse.

Defendant Zamora was informed of the actions of the health care staff he oversees. However, Defendant Zamora ignored Plaintiff's ongoing medical condition and the abusive actions of health care staff.

Based on these contentions, Plaintiff alleges a violation of the Eighth Amendment, medical negligence and intentional infliction of emotional distress.

Plaintiff seeks seven million dollars in damages and injunctive relief.

**C.    ANALYSIS**

    1.    Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012);

3

Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

   Plaintiff's allegations revolve around his belief that Defendant Pierre improperly discontinued his morphine, and the remaining Defendants either refused to reissue his pain medication and/or ignored his pain.  His allegations, however, fail to state a claim under the Eighth Amendment.

   As to Defendant Pierre, Plaintiff states in his exhibits that he discontinued his morphine because he had a problem with Plaintiff taking morphine for ulcerative colitis/Crohn's disease.  Plaintiff told him that he had back pain, also, but Plaintiff alleges that Defendant Pierre refused to give him pain medication.  According to his exhibits, however, Defendant Pierre had also prescribed Acetaminophen (325 mg) and instructed Plaintiff to take two tablets three times a day, as needed for pain.  ECF No. 15, at 6.

   While Plaintiff may have wanted morphine from Defendant Pierre, his difference of opinion as to his treatment does not create an Eighth Amendment violation.  "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically

unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff has not demonstrated that Defendant Pierre's discontinuation of his morphine was unacceptable under the circumstances, and was done in conscious disregard of Plaintiff's health. Rather, Defendant Pierre did not believe that Plaintiff should be taking morphine given his other conditions, and to address his pain, Defendant Pierre provided alternate medication(s).

As to Defendants Follette and Talley, Plaintiff's allegations are too vague to state a claim. He alleges that Defendant Follette ignored his pleas to renew his medication, and that Defendant Talley told Dr. Ogbuela not to give Plaintiff pain medication. Without additional facts, the Court cannot determine whether Plaintiff states an Eighth Amendment claim against these Defendants. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Finally, Plaintiff alleges that Defendant Zamora, the Chief Medical Appeal Coordinator, was told of the actions of his health care staff, but ignored them. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. In the context of a medical appeal, Plaintiff must first state a viable claim against a health care provider before he can state a claim against any individual involved in the health care appeals process. As Plaintiff has not stated an underlying claim against any Defendants, he cannot state a claim against Defendant Zamora based on his review of the medical care at issue.

For these reasons, Plaintiff fails to state an Eighth Amendment claim against any Defendant.

2.  State Law Claims

   a.  *Supplemental Jurisdiction*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

   b.  *Medical Negligence*

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2 (2008) (internal quotations and citation omitted).

Plaintiff's negligence claim fails for the same reasons noted above. While Plaintiff alleges that Defendant Pierre improperly discontinued his morphine, his exhibits show that Defendant Pierre did not want Plaintiff taking morphine given his other medical conditions. Defendant Pierre also prescribed alternate pain medication(s). Plaintiff has therefore not shown a breach of the standard of care.

As to Defendants Follette and Talley, Plaintiff's allegations are too vague to state a claim. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Plaintiff therefore fails to state a medical negligence claim. He may amend this claim, but Plaintiff is notified that if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim, even if he cures the

deficiencies and states a claim. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

    c. *Intentional Infliction of Emotional Distress*

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekkle v. United States, 567 F.3d 554, 855 (9th Cir. 2007); Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Corales, 567 F.3d at 571; Tekkle, 511 F.3d at 855; Simo, 322 F.3d at 622

Plaintiff fails to state an intentional infliction of emotional distress claim against any Defendant. Plaintiff's claims against Defendant Pierre involve a disagreement with treatment and do not rise to the level of intentional infliction of emotional distress. Moreover, as discussed above, Plaintiff's claims against Defendants Talley and Follette are too vague to state a claim.

Again, Plaintiff may amend this claim, but he is notified that if he fails to state a cognizable claim under federal law, the Court will not exercise jurisdiction over any state law claim.

3. Injunctive Relief

The events at issue occurred at CSATF. However, Plaintiff is now incarcerated at California State Prison, Los Angeles County. His claims for injunctive relief are therefore moot, as Plaintiff is no longer housed at CSATF. Dilley v. Gunn, 64 F.3d 1365 (9th Cir.1995) (inmate's transfer to a different facility renders request for injunctive relief moot unless he shows his case is "capable of repetition, yet evading review").

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with a **final** opportunity to file an amended complaint, **but he should only amend if he believes, in good faith, that he can do so.**  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's SAC is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **November 6, 2014**              /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE