# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CLIFTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEAN PIERRE, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01325 DLB PC<br><br>ORDER FINDING COGNIZABLE CLAIMS AND DISMISSING REMAINING CLAIMS AND DEFENDANTS |

Plaintiff William Clifton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on August 21, 2013. Pursuant to Court order, Plaintiff filed a First Amended Complaint on April 11, 2014. The Court permitted Plaintiff to file a Second Amended Complaint ("SAC") while the First Amended Complaint was awaiting screening. The Court screened the SAC on November 7, 2014, and dismissed it with leave to amend. Plaintiff filed a Third Amended Complaint ("TAC") on December 15, 2014. He names Physician's Assistant Jean Pierre, Chief Nurse Executive S. Follette, Chief of Health Care Appeals L. D. Zamora, and LVN Talle as Defendants.[1]

## A.　LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 5, 2013.

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at California State Prison, Los Angeles County. The events at issue occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

Plaintiff alleges that upon his arrival at CSATF in April 2011, Defendant Pierre, a physician's assistant, abruptly discontinued his pain medication before Plaintiff's initial medical evaluation and without an examination by a doctor. Plaintiff had previously been on chronic pain management for three years. According to Plaintiff's health care appeal, Defendant Pierre said that

he had a problem with Plaintiff taking morphine for ulcerative colitis/Crohn's Disease.  Plaintiff told him that he also had chronic back pain, but Defendant Pierre became verbally abusive, stating that he would not give Plaintiff anything for pain.  As a result, Plaintiff was left in severe pain.

Plaintiff saw Defendant Pierre again on May 26, 2011, but he again informed Plaintiff that he would not give him anything for pain.

Plaintiff alleges that medical continuously manipulated his symptoms to try and make Plaintiff have a negative reaction.  Plaintiff was seen at C-Facility medical and told that although Defendant Pierre started a prescription for morphine on May 27, 2011, he stopped it on June 3, 2011.  On June 9, 2011, Plaintiff slipped in the middle of the night and cut his head.

Plaintiff appealed the issue on June 27, 2011, but reprisals were taken against him.  Plaintiff's medications for ulcerative colitis/Crohn's Disease were decreased to a minimum dose and Plaintiff suffered adverse issues as a result.  He was in major pain and defecated at work twice.  Plaintiff contends that he has major scarring in his colon as a result of doctors ignoring his serious medical needs during a ten month flare-up.

Plaintiff believes that medical took reprisals against him any time he submitted a health care appeal.  On June 27, 2011, Plaintiff was explaining his issues with back spasms and defecating to Dr. Ogbuela.  Dr. Ogbuela was reordering pain medication when Defendant Talley interrupted and advised Dr. Ogbuela not to order any pain medication.  Defendant Talley said that Plaintiff was "a pitiful victim and would be treated like one."  ECF No. 17, at 4.

Plaintiff alleges that Defendant Follette ignored his pleas for medication renewal.  According to a July 15, 2011, First Level Review of Plaintiff health care appeals against Defendant Pierre, A. Faria indicated that Plaintiff was seen in the MD line on July 12, 2011, and evaluated for low back pain.  The primary care provider addressed Plaintiff's complaints and noted that no indication was found for morphine.  He was instructed to continue his current meds and return for follow-up in ninety days.  Defendant Follett approved the partial grant at the First Level of Review on July 15, 2011.

3

A response to another health care appeal indicates that Plaintiff was evaluated in the MD line on August 1, 2011, for abdominal pain, diarrhea and chronic low back pain. Plaintiff had a current order for medication for diarrhea and abdominal pain and a current order for acetaminophen for chronic low back pain. ECF No. 17, at 30. According to Plaintiff's exhibits, it appears that his acetaminophen prescription continued intermittently through at leave February 26, 2012. ECF No. 17, at 43.

Plaintiff contends that Defendant Zamora, Chief of Health Care Appeals, was informed of the actions of health care personnel, but he ignored Plaintiff's ongoing medical condition and the abusive actions of the staff.

For relief, Plaintiff requests an injunction and monetary damages.

**C.     ANALYSIS**

   1.     Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that upon his arrival at CSATF, Defendant Pierre improperly discontinued his pain medication. Although Plaintiff told him that he had been on chronic pain management, Defendant Pierre refused to give him any pain medications.

4

As the Court explained in the prior screening order, Plaintiff states in his exhibits that Defendant Pierre discontinued his morphine because he had a problem with Plaintiff taking morphine for ulcerative colitis/Crohn's disease. Plaintiff told him that he had back pain, also, but Plaintiff alleges that Defendant Pierre refused to give him pain medication. According to his exhibits, however, Defendant Pierre had also prescribed Acetaminophen (325 mg) and instructed Plaintiff to take two tablets three times a day, as needed for pain. ECF No. 17, at 8.

While Plaintiff may have wanted morphine from Defendant Pierre, his difference of opinion as to his treatment does not create an Eighth Amendment violation. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff has not demonstrated that Defendant Pierre's discontinuation of his morphine was unacceptable under the circumstances, and was done in conscious disregard of Plaintiff's health. Rather, Defendant Pierre did not believe that Plaintiff should be taking morphine given his other conditions, and to address his pain, Defendant Pierre provided alternate medication(s). Plaintiff was informed of this deficiency in the prior screening order but he has failed to correct it.

Plaintiff alleges that Defendant Talley, in retaliation for Plaintiff's health care claims, told Dr. Ogbuela not to prescribe pain medication to Plaintiff. She stated that Plaintiff was "a pitiful victim and would be treated like one." Construed liberally, Plaintiff states a claim under the Eighth Amendment against Defendant Talley.[2]

---

[2] Plaintiff will be instructed on service by separate order.

Plaintiff's allegations against Defendants Follette and Zamora appear to relate to their reviews of Plaintiff's health care appeals.

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. In the context of a medical appeal, Plaintiff must first state a viable claim against a health care provider before he can state a claim against any individual involved in the health care appeals process.

Defendant Follette reviewed Plaintiff's health care appeal against Defendant Pierre. In reviewing the appeal, Defendant Follette considered that based on a recent examination, there was no indication for morphine. Plaintiff has also failed to state an underlying Eighth Amendment claim against Defendant Pierre. Under these facts, Plaintiff does not state a claim against Defendant Follette insofar as he reviewed Plaintiff's appeal.

Plaintiff's allegations against Defendant Zamora continue to be vague, at best. Plaintiff contends that Defendant Zamora, Chief of Health Care Appeals, was informed of the actions of health care personnel, but he ignored Plaintiff's ongoing medical condition and the abusive actions of the staff. Without more specific information as to Defendant Zamora's involvement in reviewing Plaintiff's appeals, Plaintiff cannot state a claim against him.

Plaintiff was informed of these deficiencies but has failed to correct them. He therefore fails to state a claim against Defendants Zamora or Follett under the Eighth Amendment.

2. First Amendment Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took

some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that Defendants Talley and Zamora retaliated against him for filing health care appeals. Plaintiff's allegations are sufficient to state a claim against Defendant Talley. However, as noted above, Plaintiff's claims are too vague to state a claim against Defendant Zamora. Plaintiff was informed that the facts stated against Defendant Zamora were too vague in the prior screening order, but he has failed to provide additional facts.

3. <u>State Law Claims</u>

a. *Supplemental Jurisdiction*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

b. *Medical Negligence*

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2 (2008) (internal quotations and citation omitted).

Although Plaintiff's allegations against Defendant Pierre did not rise to the level of an Eighth Amendment violation, they are sufficient to state a medical negligence claim against him. Plaintiff also states a medical negligence claim against Defendant Talley.

As to Defendant Follette, his only involvement appears to be his review of Plaintiff's health care appeal against Defendant Pierre. He did not provide any medical care to Plaintiff and therefore, there is no causal connection between his actions and Plaintiff's injuries.

Similarly, Plaintiff's allegations against Defendant Zamora remain too vague to state a claim against him.

          c.    *Intentional Infliction of Emotional Distress*

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekkle v. United States, 567 F.3d 554, 855 (9th Cir. 2007); Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Corales, 567 F.3d at 571; Tekkle, 511 F.3d at 855; Simo, 322 F.3d at 622

Plaintiff fails to state an intentional infliction of emotional distress claim against Defendants Pierre, Zamora or Follette. Plaintiff's claims against Defendant Pierre involve a disagreement with treatment and do not rise to the level of intentional infliction of emotional distress. Similarly, Plaintiff's claims against Defendants Follette and Zamora do not rise to the level of intentional infliction of emotional distress.

As to Defendant Talley, Plaintiff's claim that she talked Dr. Ogbuehi out of giving Plaintiff pain medication is sufficient to state a claim.

    3.    <u>Injunctive Relief</u>

The events at issue occurred at CSATF. However, Plaintiff is now incarcerated at California State Prison, Los Angeles County. His claims for injunctive relief are therefore moot, as Plaintiff is no longer housed at CSATF. Dilley v. Gunn, 64 F.3d 1365 (9th Cir.1995) (inmate's transfer to a

different facility renders request for injunctive relief moot unless he shows his case is "capable of repetition, yet evading review").

Plaintiff also requests that the Court order doctors to follow specialists' advice, and order Dr. Patel to prescribe Tramadol. However, Dr. Patel is not a party to this action and the Court does not have jurisdiction over him.

**D.   CONCLUSION AND ORDER**

Based on the above, the Court finds that Plaintiff states the following claims: (1) violation of the Eighth Amendment against Defendant Talley; (2) violation of the First Amendment against Defendant Talley; (3) medical negligence against Defendants Pierre and Talley; and (4) intentional infliction of emotional distress against Defendant Talley.

Plaintiff does not state any other claims against any other Defendants. Plaintiff has been given an opportunity to amend but he has failed to correct the deficiencies. The Court informed Plaintiff in the prior screening order that this would be his final opportunity to amend. Accordingly, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

This action SHALL therefore go forward against Defendant Talley and Defendant Pierre. Defendants Follette and Zamora are DISMISSED from this action, as is Plaintiff's claim for injunctive relief.

IT IS SO ORDERED.

Dated:   **May 28, 2015**                    /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE