# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CLIFTON,<br><br>            Plaintiff,<br><br>   v.<br><br>JEAN PIERRE, et al.,<br><br>            Defendants. | Case No. 1:13-cv-01325 DAD DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS<br>(Document 25)<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff William Clifton ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action is proceeding on Plaintiff's Third Amended Complaint for (1) violation of the Eighth Amendment against Defendant Talley; (2) violation of the First Amendment against Defendant Talley; (3) medical negligence against Defendants Pierre and Talley; and (4) intentional infliction of emotional distress against Defendant Talley.

Defendants filed the instant motion to dismiss on September 28, 2015. Plaintiff filed his opposition on October 28, 2015, and Defendants filed their reply on October 30, 2015. The motion is ready for decision pursuant to Local Rule 230(l).

///

///

1

### A.     **LEGAL STANDARD**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

Courts may not supply essential elements not initially pled, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), but "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates," *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Pro se complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell*, 729 F.3d at 1241.

///

///

**B.      DISCUSSION**

Defendants move to dismiss the California state law claims based on Plaintiff's failure to comply with the administrative claim requirement of the California Government Claims Act ("CGCA").

     1.      CGCA Requirements

The CGCA prohibits a plaintiff from filing suit and raising state law claims against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("Board"). Cal. Gov. Code §§ 810 *et seq*. Also, the Board must have acted on the claim or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde),* 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

Federal courts likewise must require compliance with the CTGA for pendant state law claims that seek damages against state public employees or entities. Willis v. Reddin, 418 F.2d 702, 704 (9th Cir.1969); Mangold v. California Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir.1988); Butler v. Los Angeles County, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

///

///

2. <u>Analysis</u>

Defendants are correct that Plaintiff has failed to plead compliance with the requirements of the CTGA. In his Third Amended Complaint, he does not allege that he filed a claim with the Board, nor does he attach any evidence of a claim. Plaintiff also fails to set forth any facts that would excuse exhaustion.

In Plaintiff's opposition, he only restates the elements of his claims. He does not address his failure to file a claim with the Board in any way.

Defendants argue that the state law claims should be dismissed without leave to amend because they believe that Plaintiff cannot amend to allege compliance. In support of their argument, they submit the Declaration of Katrina Del Caro, Custodian of Records at the Board. Ms. Del Caro indicates that she has searched the records but could not locate a claim filed by Plaintiff for events at issue in the complaint.[1] ECF No. 25-2, at 4.

In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under the doctrine of incorporation by reference, a court may consider a document provided by the defendant which was not attached to the pleading if the plaintiff refers to the document extensively or if it forms the basis of the plaintiff's claim. *Ritchie*, 342 F.3d at 908; *also Daniels-Hall*, 629 F.3d at 998.

Ms. Del Caro's declaration is therefore properly before this Court on this 12(b)(6) motion. Given her statements, as well as Plaintiff's failure to discuss the exhaustion issue at all in his opposition, the Court finds that Plaintiff cannot allege compliance with the CGCA.

///

---

[1] The Court may take judicial notice of matters of public record, including records and reports of administrative agencies. *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008) (quotations marks and citations omitted).

4

## C. **RECOMMENDATION**

Based on the above, the Court recommends that Defendants' motion to dismiss be GRANTED, and that Plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within THIRTY (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses, if any, are due within FOURTEEN (14) days from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 19, 2016**         /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE